259 N.J. Super. 124 (1992)
611 A.2d 674
KAREN SAMMON, THE NEW JERSEY SCHOOL OF ARTS AND MUSIC, ANTHONY J. SANTYE, JR., AND S & S EQUITIES, INC., PLAINTIFFS,
v.
WATCHUNG HILLS BANK FOR SAVINGS, LEO RUSSO, JAMES ALLEN, CHARLES MESSANO AND MESSANO CONSTRUCTION CO., INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
June 29, 1992.
*125 S. Philip Klein, for plaintiffs Karen Sammon and The New Jersey School of Arts and Music (Ozzard, Wharton, attorneys).
John H. Schmidt, Jr., for defendants Charles Messano and Messano Construction Co., Inc. (Lindabury, McCormick and Estabrook, attorneys).
Edward A. Bertele, for defendants Watchung Hills Bank for Savings, Leo Russo and James Allen (Levy, Lybeck and Bertele, attorneys).
*126 ARNOLD, P.J.Cv.
Plaintiffs, Karen Sammon and the N.J. School of Arts and Music, brought this action against defendants Charles Messano, Messano Construction Co., Inc. (Messano Construction), The Watchung Hills Bank for Savings (Bank), its president James Allen and one of its officers, Leo Russo. The complaint alleges that all of the defendants participated in a scheme to unlawfully interfere with plaintiffs' prospective economic advantage. Specifically, plaintiffs allege that Karen Sammon was negotiating with Charles Messano for the purchase of a building owned by Messano Construction and that she disclosed this to defendants Allen and Russo who then entered into negotiations with Charles Messano and purchased the building on behalf of the Bank from Messano Construction.
At the close of the plaintiffs' case, the defendants Charles Messano and Messano Construction made application pursuant to R. 4:37-2(b) for an involuntary dismissal of those counts of the complaint alleging unlawful interference with prospective economic advantage. Relying on the holding in Printing Mart-Morristown v. Sharp Electronics, Co., 116 N.J. 739, 752, 563 A.2d 31 (1989) that a cause of action for tortious interference with a prospective economic relationship may not be directed against defendants who are parties to the economic relationship, defendants argued that because they were parties to the proposed sale of the building to Karen Sammon that cause of action must be dismissed against them. The plaintiffs did not oppose the motion as to defendant Messano Construction which owned the building, but opposed it as to defendant Charles Messano, individually. They argued that since Charles Messano did not own the building and is merely an employee of Messano Construction he may be liable. Thus, this motion raises the issue of whether an employee of a party to a prospective economic relationship can be liable for unlawful interference with that relationship.
*127 In Printing Mart, supra, the opinion of the court noted that two general principles of agency law provide conflicting results on this issue. Printing Mart, 116 N.J. at 762, 563 A.2d 31. The first principle provides that when an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer. Three cases were cited in support of that proposition. They are: Kyriazi v. Western Elec. Co., 461 F. Supp. 894, 950 (D.N.J. 1978); Louis Kamm, Inc. v. Flink, 113 N.J.L. 582, 175 A. 62 (E & A 1934); Cappiello v. Ragen Precision Indus, Inc., 192 N.J. Super. 523, 530, 471 A.2d 432 (App.Div. 1984). However, the second principle of agency law is that an employee cannot be held liable for an act that is otherwise a tort when the employee is exercising a privilege of the principal, or where the principal owes no duty or less than the normal duty of care to the person harmed. Pursuant to this second principle, the conduct of an employee of a party to an economic relationship is privileged when the conduct would otherwise constitute a tortious interference. Printing Mart, 116 N.J. at 762-63, 563 A.2d 31. Because the factual record in Printing Mart was devoid of any cogent discussion of this issue, the court did not decide which principle should apply. Printing Mart, 116 N.J. at 763, 563 A.2d 31. However, the opinion of the Court stated that the "ultimate resolution of the question of whether an employee of a party to a prospective economic relationship can be held liable for tortious interference may require the Court to create a special cause of action against the employee." Id.
This court is convinced that even if such a cause of action is created, it would not apply to an employee who is an officer and the sole stockholder of a corporation which is a party to the economic relationship in issue. Here, Charles Messano, although an employee of Messano Construction, is also its president and sole stockholder. The complaint refers to him as the "principal of defendant, Messano Construction Co., Inc." His position is much different from the employees in those cases in *128 which an employee was held liable for unlawful interference with a prospective contractual relationship with his or her employer. For example, in Kyriazi v. Western Elec. Co., supra, the employees named as defendants were supervisors and co-workers of the plaintiff at the Kearny, New Jersey facility of the Western Electric Company. None of the defendants who allegedly interfered with the plaintiff's economic relationship with Western Electric, was an officer of Western Electric. In both Louis Kamm, Inc. v. Flink, supra and Cappiello v. Ragen Precision Indus., Inc., supra, there is nothing in the opinions to suggest that the defendant employees were the sole stockholders of the Building and Loan Association and corporation, respectively, with whom plaintiffs had a prospective economic advantage.
Furthermore, the undisputed evidence presented at trial is that Charles Messano alone negotiated with Karen Sammon and the Bank. Only Charles Messano could exercise the privilege of the principal referred to in the second principle of agency law mentioned above. Because Messano Construction cannot be liable to the plaintiffs on a cause of action grounded in unlawful interference with prospective economic advantage, fairness would require that its president, sole stockholder and sole negotiator regarding the sale of the building be similarly insulated from liability on such a cause of action. See Bolz v. Myers, 200 Mont. 286, 292, 651 P.2d 606, 610 (1982). Accordingly, those counts of the complaint sounding in unlawful interference with prospective economic relationship against Charles Messano and Messano Construction are dismissed.
The plaintiffs also allege that the Bank, the defendants Allen and Russo (acting individually and on behalf of the Bank), the defendant Messano Construction, and defendant Charles Messano (acting individually and on behalf of defendant Messano Construction) violated both the New Jersey and federal Rico statutes, N.J.S.A. 2C:41-1 et seq. and 18 U.S.C. § 1961. The defendants moved at the end of plaintiffs' case in chief for an *129 involuntary dismissal on the grounds that plaintiffs had failed to establish a "pattern of racketeering activity."
In H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1985), the United States Supreme Court addressed the standard governing Rico's "pattern requirement." The Court stressed that a "pattern" requires more than the commission of two or more predicate acts. A plaintiff must show also "that the racketeering acts are related and that they amount to or pose a threat of continued criminal activity." The test for determining whether acts are related is broad. Criminal acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." H.J. Inc., 492 U.S. at 240, 109 S.Ct. at 2901 quoting 18 U.S.C. § 3575(e). This test is applicable to the interpretation of New Jersey's Rico Statute. Matter of Integrity Ins., 245 N.J. Super. 133, 584 A.2d 286 (Law Div. 1990).
Here, the alleged scheme involved a single real estate transaction with evidence of mail and wire fraud, all allegedly related to the goal of depriving plaintiffs of the opportunity to buy the building. As such, it satisfies the "relatedness" requirement. But, to meet the "continuity" requirement there must be a threat of repetition of criminal conduct. H.J. Inc., 492 U.S. at 249, 109 S.Ct. at 2906. Here, there is neither an allegation nor any evidence that the defendants participated in any other scheme, fraud or criminal act other than this building sale.
In similar circumstances the Third Circuit Court of Appeals held that continuity requirement was not satisfied. Banks v. Wolk, 918 F.2d 418 (3rd Cir.1990). This court finds that decision persuasive. Accordingly, those counts of the complaint alleging violations of state and federal Rico acts are dismissed.